IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YVONDRIA DAVIS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 11-CV-76 (HL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

### RECOMMENDATION

The Plaintiff filed this Social Security appeal on June 3, 2011, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

### LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that

the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.  20 C.F.R. ▪ 404.1520.  In Step One, the Commissioner determines whether the claimant is working.   In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.   At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.   At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.   Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability and Supplemental Security income benefits with a protective filing date of April 30, 2007.  (T –77-78).   Her claims were denied initially and upon reconsideration.   (T –77-100).   Hearings were held before an ALJ on February 4, 2009 and June 12, 2009.   (T – 62-67, 28-61).   In a decision dated November 16, 2009, the ALJ determined that the Plaintiff was not disabled.   (T – 12-26).   The Appeals Council denied Plaintiff's request for review, making the November 2009 decision the final decision of the Commissioner.   (T- 1-4).

*Statement of Facts and Evidence*

The Plaintiff was 28 years of age at the time of the ALJ's decision on her claim.  (T – 26, 177).

She has a twelfth grade education and past relevant work experience as a prep cook, clerical assistant, patient transporter, sewing machine operator, maid, and retail sales clerk. (T – 228, 232, 307). Plaintiff asserts that she became unable to work as of November 15, 2006 due to torn ligaments in her neck and back, asthma, high blood pressure, and depression. As determined by the ALJ, Plaintiff suffers from severe impairments in the form of borderline intellectual functioning, very mild depression, very mild asthma, and morbid obesity. (T - 16). In the November 2009 decision, the ALJ found that the Plaintiff had the residual functional capacity to perform a limited range of work at all exertional levels. (T – 21). After receiving vocational expert testimony, the ALJ determined that the Plaintiff could perform her past relevant work as a sewing machine operator, maid, prep cook, and transporter, and she was thus not disabled. (T – 24-25).

## DISCUSSION

### *Listing 3.03B* (*20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1*)

Plaintiff asserts initially that her asthma condition meets or equals Listing 3.03B. In order to establish that her impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An

impairment that manifests only some of those criteria, no matter how severely, does not qualify.@

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

>Listing 3.03B provides for a finding of disability based on asthma attacks:
>
>>in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

Additionally, "attacks of asthma" are defined in the regulations as:

>prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs.

>Listing 3.00C (20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1).

>The ALJ discussed the Plaintiff's asthma condition, noting pulmonary function test results from

August 2007, October 2007 and October 2008, and found that:

>>[t]he claimant has a history of asthma treated with rescue Albuterol and maintenance on Pulmicort beginning October 2, 2006. There is no evidence of emergency room visits or hospital admission for exacerbation of asthma until February 2009 . . . In follow up for a February 2009 hospital admission for asthma exacerbation, the claimant reported the following month that she was doing much better. Her cough and wheezing had much improved. No chest pain was noted. Chest x-ray had been negative. She was using Advair only once daily.

>(T – 17).

The Plaintiff maintains that the ALJ failed to evaluate whether her asthma met any of the listings for respiratory disorders, and provided an inaccurate depiction of the facts surrounding her asthma

4

treatment. Plaintiff claims that she suffered six documented asthma attacks requiring physician intervention between May 2008 and April 2009.

Although the ALJ did not specifically mention Listing 3.03B in determining that Plaintiff's conditions did not meet or equal any listing, the ALJ's decision implicitly finds that the Plaintiff's asthma condition does not meet Listing 3.03B. *Keane v. Comm'r. of Social Security*, 205 Fed.Appx. 748, 750 (11th Cir. 2006 ("[I]t is not required that the [Commissioner] mechanically recite the evidence leading to her determination. There may be an implied finding that a claimant does not meet a listing."). The ALJ herein discussed the Plaintiff's asthma condition, her treatment, and the frequency thereof, impliedly finding that this condition did not meet the Listings.

Additionally, this finding that Plaintiff's asthma condition did not meet or equal the Listings is supported by substantial evidence. Listing 3.03B requires that the claimant establish the presence of "medical evidence . . .[to] include information documenting adherence to a prescribed regimen of treatment". Plaintiff has not pointed to such evidence, nor does the record support a finding that the Plaintiff adhered to a treatment regimen with any regularity.

Although the Plaintiff asserts that the ALJ erroneously found that she did not seek emergency room treatment for asthma until February 2009, the treatment records to which the Plaintiff refers show that the Plaintiff sought treatment prior to February 2009, but at times sought treatment primarily for conditions other than her asthma, and show that the Plaintiff received treatment for asthma in conjunction with other illnesses prior to February 2009. (T – 1280-88,1466-70). Moreover, several of the treatment records to which the Plaintiff points do not show that the asthma attacks for which she received treatment lasted one or more days or that the treatment involved "intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting", as required by Listing 3.03B. (T –

1280-88, 1311, 1466-70).

*Treating physician's opinions*

The Plaintiff also argues that the ALJ improperly discounted the opinions of examining physician Dr. Karl Willers, who opined in 2009 that the Plaintiff suffered from a possible major depressive disorder, generalized anxiety, and possible personality disorder. (T – 1436-45). Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

In an assessment issued in 2009, Dr. Willers evaluated the Plaintiff on a consultative basis and concluded that Plaintiff functioned on a low mental level, but that he "[did] not think she is mentally ill." (T – 1445). In regard to this opinion of Dr. Willers, the ALJ found that:

> . . . Dr. Willers' assessment of marked limitations is neither consistent with his own reports nor treating mental health center findings. On March 17, 2009, Dr. Willers' diagnosis was of major depressive disorder, mild to moderate; generalized anxiety; consider personality disorder with schizoid/hysterical features, and GAF of 43/50 yet, he discredited claimant's allegations of hallucinations and said there was

>           no mental illness.   2008 [sic] mental health treatment notes (of which
>           Dr. Willers was unaware) rated claimant's symptoms and limitations
>           secondary to depression as mild with a GAF of 65 – an assessment that
>           also totally discredits the medical source statement submitted by
>           treating psychiatrist, Dr. Beaty.   Dr. Willers' own evaluation report,
>           which indicates claimant has no mental problems, obviously discredits
>           his GAF of 43-50 rating and marked limitations.   The GAF of 65
>           documented by Dr. Beaty in Georgia Pines treatment notes further
>           discredits Dr. Willers' unfounded suggestions that claimant has marked
>           mental limitations.

(T – 23).

A review of the opinions issued by Dr. Willers, his evaluation notes and the ALJ's decision herein reveals that the ALJ's decision to discount Dr. Willers's opinion to the extent that it dictated a finding of disability is supported by substantial evidence.   The ALJ properly considered Dr. Willers' statements and assessments, as evidenced by the ALJ's decision, although the ALJ assigned little weight to Dr. Willers' findings of marked limitations in Plaintiff's abilities.   As the Commissioner points out, Dr. Willers= evaluation notes do not support his conclusions regarding the severe limitations in regard to ability to understand and remember instruction and interact in a work setting that Dr. Willers issued regarding Plaintiff's level of functioning.   Dr. Willers appears herein as a consultative examiner, not a treating physician, and the ALJ properly discounted the weight to be assigned to Dr. Willers' conclusions.

*Consideration of all impairments*

Plaintiff asserts that the ALJ erred in failing to consider the effects of her obesity on her respiratory impairments.   The ALJ herein found that Plaintiff's obesity was a severe impairment, after noting her height and weight, and considered and noted the effects of her obesity and asthma.   (T – 16, 22).   Such consideration satisfies the ALJ's duty to consider the Plaintiff's obesity and its effects.   *Castel v. Comm'r. of Social Security*, 355 Fed.Appx. 260, 264 (11th Cir. 2009).   Moreover,

the Plaintiff has not established additional functional limitations resulting from her obesity condition. Plaintiff has failed to show that her obesity resulted in functional limitations beyond a mere diagnosis. A diagnosis alone is insufficient to support a finding of disability, but must be accompanied by evidence of functional limitation.  *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D.Ala. 2002).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 7th day of August, 2012.

> s/ *THOMAS Q. LANGSTAFF*
>
> **UNITED STATES MAGISTRATE JUDGE**

asb